Jackson
v.
Perkins.

In a proceeding under the act to perpetuate the testimony of witnesses, it is not necessary to state in the affidavit, on which the order for examination is founded, the probable inability of the witness, sought to be examined, to attend the trial.

A commissioner should specify in the order the number of days for which notice is to be given; where, however, no time is specified, the commissioner will be considered as having deemed 14 days (the shortest time specified in the statute) reasonable notice.

JACKSON, ex dem. TEN EYCK and wife, vs. PERKINS.

THIS was an action of ejectment brought for the recovery of the moiety of two lots of land in the county of St. Lawrence, tried at the circuit in that county, in July, 1827, before the Hon. REUBEN HYDE WALWORTH, then one of the circuit judges.

Title was shewn in the lessors of the plaintiff, by proving Ann, one of the lessors of the plaintiff, the wife of the other lessor, to whom she was married in May, 1801, to be one of the children and heirs at law of Matthew Visscher, to whom the premises in question were conveyed by the original patentee in 1791. Matthew Vischer died in 1793; his other heir was Sebastian Visscher.

An exemplification of a deed, recorded in the office of the secretary of state, was read in evidence by the defendant. It was a deed from Sebastian Visscher and Ann Visscher, the children and heirs at law of Matthew Visscher, to their mother Lydia Visscher; whereby, after reciting that M. Visscher died intestate, and that it was his intention that all his estate, real and personal, after his decease, should be vested in the grantee, the grantors, in consideration of the premises, and of natural love and affection, and of the sum of ten shillings to them paid, remised, released and confirmed unto the grantee.

The appearance of a defendant, and cross-examining the witness, is a waiver of a defective notice.

Proof that a witness is 74 years of age, and the belief of another from his knowledge of the situation and infirmities of the principal witness, that she could not endure the fatigue of a journey from Albany to Ogdensburgh without the most serious hazard to her health, is sufficient to authorize the admission of the deposition in evidence. No witness is bound to endanger his life by his attendance at court.

Any person affected by a deed, may at any time question its validity, and show that it was not in fact duly executed or delivered, although it hath been proved in the usual form by a subscribing witness, and recorded.

The delivery of a deed is usually proved by the fact of the grantee having the deed in his possession, or by other circumstances tending to the same conclusion.

Proof of the due execution of a deed, and of its having been recorded, is perhaps *prima facie* evidence of its delivery; but a grantee is not concluded by such proof, and is a competent witness to prove that the deed never was delivered to him.

Where the title alleged to have been conveyed by a deed is set up, not by a party claiming under it, but as an outstanding title in a third person, with which the defendant has no connection, it is competent for the grantor to shew that the deed never was delivered, and the doctrine of estoppel does not apply.

see *all and singular the houses, lands, &c.* the property of the said Matthew Visscher, deceased. The deed bore date the 13th day of March, 1800, and was proved by one of two subscribing witnesses, (both of whom were admitted to be dead at the time of trial,) before a master in chancery, on the 18th February, 1802. The certificate of the master stated that the witness being sworn, said that he saw the grantors voluntarily *execute* the conveyance for the uses therein mentioned.

The deposition of Lydia Visscher, the grantee in the last mentioned deed, taken under the statute to perpetuate testimony on the 23d April, 1827, was read by the plaintiff, in which the witness deposed, that after the death of her husband, and within sixteen years before making her deposition, her children sold and conveyed lands and real estate which belonged to her husband at the time of his decease, situate in the counties of Albany, Montgomery and Herkimer, and that she joined in the several conveyances *for the purpose of releasing her right of dower;* that she has never sold an inch of ground which belonged to her husband, *as her own,* nor did she suppose that she had any title to any real estate whereof he died seized, *except her right of dower;* that her son Sebastian, (who died in October, 1824,) previous to his death, and since the year 1800, mortgaged the mansion house which she occupies; that the deed from her children to her, bearing date the 13th March, 1800, and recorded in the secretary's office, had never been in her possession; that she had never seen or heard of such deed being in the possession of the grantors or either of them; that she never heard either of them say that they had such deed in their possession; nor did they or either of them ever inform her that they had conveyed to her the property they had inherited from their father; but, on the contrary, they always told her that she was entitled only to her right to dower in such property. On her cross-examination, she deposed that she had never paid any rent to her children for the mansion house, which she had occupied since the death of her husband; that she has, since his death, paid and satisfied with her own

funds, a mortgage to the amount of several hundred dollars, which he left upon the house; that on the sale by her children of two lots in Montgomery county, in which she joined to release her dower, a mortgage of one of the lots to secure the consideration money was executed to her; that she received payment thereof, but paid out all the money received on that account, in discharge of debts owing by her son. To the deposition was annexed an instrument under seal, executed by the witness, bearing date the 12th day of October, 1824, which, in her deposition, she testified was executed by her, and that the facts set forth in the same were true. It is a declaration that the deed of the 13th March, 1800, or any other deed of the like import, never was executed or delivered to her, or agreed to be so executed or delivered; that she had never seen or had the possession of such deed, and never assented or did any act signifying her assent to take the property described therein under such deed; declares her dissent thereto, and that, as to her, it is inoperative and void, and admits that the real estate whereof her husband died seized, descended to and vested in his children, subject only to her right of dower therein.

The deposition was produced in court by the clerk of St. Lawrence, who testified that it was filed in his office on the 2d May, 1827, and remained there as a record. The introduction of it as testimony was objected to on the trial, but was received upon the stipulation of the plaintiffs' counsel, that if this court, on a case made, should be of opinion that the deposition ought not to have been received, judgment of nonsuit should be entered. The first objection taken to the introduction of the deposition was, that the proof of the inability of the witness to attend court was not sufficient. The proof was, that the witness was about 74 years of age; and one of the witnesses testified, that from her apparent infirmities, he did not believe that she could undergo the fatigue of a journey from Albany, where she resided, to Ogdensburgh; if she was a relative of his, he would not consent to risk her health. The circuit judge decided the proof of inability to attend was *prima facie* sufficient. The next objection was to the preliminary proceedings in taking the testimony. On

the 26th March, 1827, A. Ten Eyck, one of the lessors of the plaintiff, made affidavit that Lydia Visscher was a witness whose testimony was material and necessary in the prosecution of this and other suits depending upon the same title; founded upon which, a *commissioner* made an order on the same day, directing notice to be given to the attorney for the defendant, that Lydia Visscher would be examined before him *de bene esse* on the 23d day of April then next, at her dwelling house in the city of Albany, in pursuance of the act to perpetuate testimony. Notice of this order, and a copy of the affidavit and order, were served on the defendant's attorney on the 30th day of March; and on the day appointed, proof of the service being made, and the parties appearing by their counsel, the commissioner proceeded and took the deposition. It was objected that the affidavit on which the order for examination was obtained, should have stated that the witness would probably be unable to attend the trial, and that the order should have specified the length of time for which notice should be given. The judge intimated his opinion, that in taking the deposition, the statute had not been complied with; but, under the arrangement before stated, the deposition was received.

The defendant next deduced a title to the premises in question, under a mortgage of the whole tract conveyed to Matthew Visscher by the original patentee, from Sebastian Visscher to Abijah Hammond, bearing date the 6th June, 1796, given to secure the payment of £2000, which was duly foreclosed in the court of chancery, the premises sold, and a deed in pursuance of such sale executed by a master, bearing date the 13th February, 1799. It was attempted to shew an adverse possession under this deed, but it was not satisfactorily established. The jury found a verdict for the defendant, which was moved to be set aside.

*A. Van Vechten*, for plaintiff. The proof of the deed from the heirs of Matthew Visscher to their mother, taken by the master for the purpose of authorizing its being recorded, is no evidence of its *delivery*. Delivery is not to be presumed from the establishment of the fact of the deed having been

signed and sealed, although sufficient to authorize its record; but if such presumption is to be indulged, like all other presumptions it may be repelled by proof; and most effectually is it repelled by the testimony of the grantee, who denied all knowledge of the fact that such deed existed, and who never took any thing under it. There is no conflict between the testimony of the subscribing witness, who proved the deed before the master for the purpose of its being recorded, and the evidence of Mrs. Visscher that she was ignorant of its existence. The testimony was reconcilable, and the jury should have reconciled it. Mrs. Visscher was unimpeached and uncontradicted ; her testimony, besides, was directly against her interest ; she was, therefore, fully entitled to credit.

As to the irregularity of the preliminary proceedings in taking the deposition, if any existed, the party has waived his right to object, by appearing at the time and cross-examining the witness.

*P. S. Parker*, for defendant. The deed to Mrs. Visscher was good and operative. (10 *Johns. R.* 456.) The *execution* was duly proved by the subscribing witness before the master, and the evidence of Mrs. Visscher does not contradict the fact. Her assent to the deed may well be presumed from its highly beneficial character. No dissent is shewn for 24 years ; and when she was called to testify, it had become her interest to deny all knowledge of the transaction ; for if the deed stood, her estate in dower was merged in the fee, which was lost by lapse of time ; but if it was declared inoperative, her right of dower remained.

The deposition of Mrs. Visscher was irregularly taken. The commissioner ought to have directed what notice should be given to the party. It could not be less than 14 days, according to the statute ; but in the exercise of a sound discretion, which was entrusted to the commissioner, much longer notice might be necessary and proper ; and having failed to give any direction, the proceeding was erroneous, although it does not appear that the notice which was given was insufficient.

*S. A. Talcott,* (attorney general,) on same side. The deposition was not properly taken. The requirements of the statute should have been strictly complied with. (20 *Johns. R.* 361.) It requires that the commissioner should direct reasonable notice, not less than 14 days, to be given ; that he should fix the time, and not leave it discretionary with the party. Besides, the *original* deposition was read in evidence, whereas the statute authorizes only a *copy,* certified by the clerk in whose office it is filed, to be read and admitted. (1 *R. L.* 456.) The deposition was not evidence at common law, and where testimony thus taken is intended to be used, it should be used as the statute prescribes.

The act concerning deeds, (1 *R. L.* 369,) requires the acknowledgment or proof of deeds to be an acknowledgment or proof of the *execution* of such deeds, which necessarily includes *delivery* as well as signing and sealing ; and a deed thus acknowledged or proved may be read in evidence. When, therefore, the witness testified that the parties voluntarily *executed* the conveyance, the delivery was necessarily included. Thus, where it is stated that a party has made his *deed,* the word of itself imports that the instrument was sealed. (1 *Chitty,* 313.) So where it is said that a party by his *obligation* acknowledged himself to be held and firmly bound, &c. all necessary circumstances are intended to concur, viz. the *sealing* and *delivery ;* for otherwise it is not a writing obligatory. (*Cro. Eliz.* 737, 8. *Cro. Jac.* 420.) Also in the averment of the *making* of a bill of exchange, the *delivery* is included. (7 *T. R.* 592.) The words of the certificate of the proof of the deed are therefore to be understood to mean what they import, and so the legislature must have intended, otherwise it would not have been enacted that a deed acknowledged or proved in the mode prescribed, might be read in evidence without further proof.

It was not competent for the grantor, in opposition to this proof, to shew a *non delivery.* It is true it has been said that the certificate of the proof or acknowledgment taken before a judge is not conclusive, and that the party affected by the deed may contest its validity, and the force and effect of the formal proof ; and it was so done in 4 *Johns. R.* 161, and 12

*Johns. R.* 469. But those were peculiar cases. In one of them, the acknowledgment of the grantor was sought to be avoided on the ground of *insanity ;* in the other, the instrument which was proved before a judge was shewn to have been obtained by *fraud.* Not so here : the parties acted understandingly ; they voluntarily executed the deed, procured it to be proved, and caused it to be put upon record. Public policy demands that the grantors should be precluded by this solemn act ; and if ever parties should be estopped from alleging a non-delivery of a deed, it should be in this case.

An estoppel need not always be mutual to be effectual ; a lessor may be estopped, and a lessee not. (*Com. Dig. tit. Estoppel, A.* 2, *A.* 3.) Proof that a deed enrolled was delivered at a time different from that when it purported to bear date, was refused. (*3 Leon.* 175, *case* 227.) In *Owen,* 138, it is said that if such a plea was admitted, it would shake most of the assurances in England. A party should never be permitted to claim in opposition to his deed ; and if the grantors were not technically estopped, public convenience requires that proof, such as was set up in this case, should not be allowed. (1 *Johns. C.* 89, 90, 91. 12 *Johns. R.* 203. 4 *Camp. N. P.* 215. 1 *id.* 245. 1 *Cowp.* 232. 10 *Vesey,* 127.)

In 2 *Wash. R.* 63, it was said, where the proof of a deed is sufficient to entitle it to be recorded, the witnesses to it would not be permitted to disprove it. If witnesses are not allowed to destroy a deed, a grantee should not be permitted to do it.

*Van Vechten,* in reply. The preliminary proceedings in reference to the deposition of the witness were regular. The order of the commissioner directed notice to be given, which was equivalent to directing due notice. 24 days notice was, in fact, given, whereas a notice of 14 days would have complied with the directions of the statute. In addition, the party attended.

The case in 20 *Johns.* 361, does not support the objection to the use of the original deposition on the trial. It cannot be that the original is not evidence when a copy is.

The proof of a deed by a subscribing witness before an officer, for the purpose of its being recorded, is no more evidence of its *delivery* than would be an acknowledgment before such officer by the grantor; and yet that is not a delivery. To whom is the delivery? It must either be actual, or some act or declaration of the grantee equivalent thereto must be shewn. The legislature meant not to vest the power of determining the validity of a deed in the acknowledging officer. If his certificate is conclusive, it is so upon all the world, grantee as well as grantors; and an innocent grantee may be subjected to all the pains and penalties of taking a conveyance of disputed property. The grantee in this case, not having accepted the conveyance, and being ignorant of its existence, the property remained in the grantors. The deed was inoperative the same as if by it disputed property had been conveyed.

The doctrine of estoppel does not apply to this question. There is no mutuality; the defendant is neither a party or privy, not holding under the conveyance to Mrs. Visscher. For whose benefit, then, are the lessors of the plaintiff to be estopped?

The cases cited from *Leonard* and *Owen* have no application. The doctrine of *enrolment* is different from our *registry* acts. Before a deed can be enrolled, it must be shewn to be the act of both parties; to entitle it to be recorded, it is sufficient to shew it the act of the grantor.

*By the Court*, SUTHERLAND, J. The first question in this case is, whether the deposition of Mrs. Visscher was properly admitted in evidence. The judge permitted it to be read upon the stipulation of the plaintiff's counsel that a judgment of nonsuit might be entered, if the supreme court, upon a case made, should be of opinion that the deposition ought not to have been received. It was taken under the act "to perpetuate the testimony of witnesses in certain cases," (1 *R. L.* 455.) It was objected to on three grounds: 1. Because the affidavit of Ten Eyck, upon whose application the order for the examination of Mrs. Visscher was made, did not state that the witness would probably be unable to attend on the trial of the cause; 2. Because the order of the commission-

er, directing notice of the intended examination to be given to the defendant, did not specify the number of days for which notice should be given ; 3. Because the inability of the witness, by reason of age or infirmity, to attend in person, was not sufficiently proved at the trial. The act does not require any evidence to be exhibited to the commissioner of the probable inability of the witness to attend the trial before he makes the order for his examination. The object of the act appears to have been to enable parties to suits *affecting the title to land* to guard against the death or insanity of their witnesses, or their inability to attend court, by reason of age or infirmity. The deposition may be taken even before any suit is commenced. The act is not confined to any particular class of witnesses ; it embraces all ; those in the strength and vigor of manhood, as well as the aged and infirm. Upon the trial, it must be shown that the witness is dead, or is unable to attend, by reason of age or settled infirmity, or some other cause, which, in all human probability, will continue permanently to operate, or his deposition cannot be read.

The correct practice is, undoubtedly, for the commissioner to specify in his order the number of days for which notice is to be given. The act prescribes that he shall direct reasonable notice, not less than 14 days, to be given; the order was dated the 26th of March, and directed notice to be given that the witness would be examined on the 23d of April ensuing. The notice was actually served on the 30th of March, 24 days before the examination, and the defendant appeared by his counsel, and cross-examined the witness. Admitting the order to have been defective, it was cured by the defendant's appearance. But I am inclined to think the order and notice were good, independent of the appearance. Where no time is specified in the order, the notice must be for at least 14 days, the time mentioned in the act, and the commissioner must be understood as deeming that a reasonable notice, under the circumstances of the case.

The evidence of the inability of the witness to attend the circuit was sufficient. She was more than 74 years of age, and one of the witnesses testified, that from his knowledge of

her situation and infirmities, he believed she could not endure the fatigue of a journey from Albany to Ogdensburgh without the most serious hazard to her health. This was sufficient. No witness is bound to endanger his life by his attendance at court; the law does not exact it. The deposition, therefore, was properly admitted in evidence.

But the material question in the case is, whether the deed from Sebastian and Ann Visscher to Lydia Visscher, their mother, of the 13th of March, 1800, was delivered to and accepted by the grantee. It is not denied that such delivery and acceptance are essential to its effect as a valid deed. (4 *Johns. R.* 230. 12 *Johns. R.* 418, 536. 1 *Johns. C.* 114, 250. 6 *Cowen,* 617. 20 *Johns. R.* 187, 8.) The only evidence of the delivery of the deed is the proof of its execution by one of the subscribing witnesses before a master in chancery, taken under the statute, for the purpose of putting it upon record. That proof is in the usual form. The master certifies, that the witness being duly sworn did say, that he saw Sebastian Visscher and Ann Visscher, whom he knew to be the persons described in the conveyance, voluntarily execute the same for the uses therein mentioned, as their act and deed, and that he, together with John F. Willett, subscribed the same as a witness thereto. The acknowledgment or proof of a deed relates only to the act of the grantor. A recorded deed may be used as evidence without further proof. The act, therefore, renders it necessary that the genuineness of the instrument shall be established either by the acknowledgment of the grantor, or the evidence of one of the subscribing witnesses before a competent officer, and that such acknowledgment or proof shall be endorsed upon the deed before it can be recorded ; but this proof or acknowledgment is *ex parte,* and any person who may be affected by the deed may, at any time, question its validity, and shew that in fact it was not duly executed or delivered. (4 *Johns. R.* 161. 12 *id.* 469.) We all know that, in practice, the witnesses to its execution rarely see it delivered. The delivery is a subsequent act, to which witnesses are not ordinarily called, and which is

usually proved by the fact of the grantee having the deed in his possession, or by other circumstances tending to the same conclusion. (*Jackson* v. *Bodle*, 20 *Johns. R.* 187, 8.) Proof of the due execution of a deed, and of its having been recorded, is perhaps *prima facie* evidence of its delivery ; but it would be subversive of all principle to hold the nominal grantee concluded by these acts, all of which may be performed by the grantor, without the knowledge, privity or consent of the grantee. It is true, that in pleadings it is not necessary to aver in terms either the sealing or the delivery of a deed ; they are both implied in the term *deed* or *writing obligatory.* But this is merely a rule of pleading, and does not determine the question as to what shall be evidence of the sealing or delivery upon the trial. (1 *Chitty's Pl.* 351. *Cro. El.* 737, 8. *Cro. Jac.* 420. 2 *Strange,* 814, *and cases there cited.* 7 *T. R.* 596.)

Mrs. Visscher was a competent witness to prove that the deed never was delivered to her. She swore directly against her own interest.

The doctrine of estoppel is not applicable to the case. The defendant does not claim under Mrs. Ten Eyck or Mrs. Visscher, through the deed in question, or in any other manner. Whether, as between the grantors and the grantee, it would be competent for the grantors to deny the delivery of the deed under the circumstances, it is not necessary to determine ; but where, as in this case, the title alleged to have been conveyed by the deed is set up, not by a party claiming under it, but as an outstanding title in a third person, with which the defendant has no connection, it must be competent for the lessor to shew that the deed never was delivered, and, of course, never became effectual.

The verdict of the jury upon the question of the delivery of the deed appears to me to be entirely against the weight of evidence. Mrs. Visscher is a witness above all suspicion ; there is nothing to shew that her faculties are impaired by age or disease, or that, from any other circumstance, the most implicit reliance is not to be placed upon her testimony. She swears positively that the deed in question never was delivered to her, and that she never heard of its having been

executed, either from her children or any one else ; that it was never in her possession, nor did she ever know of its having been in the possession of either of her children.

There are, undoubtedly, mysterious circumstances attending this case, and the imagination may indulge in conjecture as to the motives which may have actuated the parties, or as to the real truth of the transaction; but it is the duty of the jury to decide according to the weight of legal evidence. I am, therefore, of opinion that a new trial should be granted.