IRENE EGAN by Frank A. Morey, Pro Ami,

*vs.*

ELIZABETH G. HORRIGAN, and others.

Androscoggin.　Opinion December 17, 1901.

*Deeds.　Evidence.　Delivery.　Infant.　R. S., c. 82, § 110.*

Revised Statutes c. 82, § 110, provides that "when original deeds would be admissible, attested copies of such deeds from the registry may be used in evidence without proof of their execution, when the party offering such copy is not a grantee in the deed, nor claims as heir, etc. *Held;* that this statute is inapplicable in cases where the plaintiff claims as heir of the grantee; nor is an office copy offered by an heir of the grantee admissible, under this statute, without proof of the execution of the deed; nor is it admissible as secondary evidence without proof that all apparent means to procure the original have been exhausted.

There is no sufficient warrant in reason or precedent for declaring as a rule of law, or presumption of fact, that the record of a deed is, under all circumstances, prima facie evidence of a delivery.

The plaintiff sought in a 'real action to recover the entire property described in the writ. The defendants claimed seven-ninths of the premises, deraigning title from the same ancestor, and disclaimed the other two-ninths.

The case was submitted to the law court upon a report of all the testimony to render such judgment as the law and evidence require.

The court adduce the following finding of facts:—Ann Haley, the plaintiff's grandmother, who was seized of the property, on August 9, 1886, signed and acknowledged a warranty deed of the premises to her daughter, Annie Haley, an infant twelve years of age, who afterwards married one Egan and became the plaintiff's mother.

This deed appears to have been prepared in the office of an attorney at Lewiston and was recorded on the day of its date. Patrick Haley, the husband of the grantor was not present in the attorney's office at that time, but signed the deed elsewhere before it was recorded, at some later hour in the day.

At the same time, and as part of the same transaction, Annie Haley, the infant grantee, gave back to her mother a deed of the same premises, but it was not recorded until February 3, 1887. The daughter, Annie Haley Egan, died about six months before the death of the mother.

The plaintiff claimed that the deed from Annie Haley to her mother, Ann Haley, executed while she was a minor, was absolutely void, or if not void that it was voidable, not ratified after she became of age; and that by virtue of the deed from her mother, with a release of dower by her father, she acquired a valid title to the whole property which descended to the plaintiff at the decease of her mother, Annie Haley Egan.

On the other hand, the defendants claimed that the deed from Ann Haley to her daughter was never delivered to the child so as to take effect as a conveyance of title. After a careful consideration of all the evidence reported and full consideration of the situation and the circumstances of the parties, more fully detailed in the opinion of the court, it is considered by the court that there is not only no affirmative testimony of an actual delivery of the deed from the mother to her daughter, or to any agent or attorney of the daughter, but no competent evidence from which any presumption of delivery arises.

It is admitted that the attorney who witnessed and took the acknowledgment of the mother and daughter, the grantors in the two deeds, respectively, has no knowledge of their delivery. The original deed from Ann Haley to her daughter, under which the plaintiff claims, was not produced in court, and there is no evidence that it was ever in the possession of either the plaintiff or her mother; while, on the other hand, it does appear that this deed was in the possession of the administrator of the grantor, Ann Haley, and was delivered by him to the defendant Callahan, who it is not shown was notified to produce it in court.

*Held;* in this case, that there is no contradictory testimony and nothing in the situation and circumstances of the parties having any necessary tendency to repel the presumption that the deed in question, shown to have been in the possession of the grantor's representative, had not been delivered to the grantee.

On report. Judgment for plaintiff for two-ninths of demanded premises.

Real action against Elizabeth C. Horrigan, Catherine Dugan and Dennis J. Callahan, heirs of Ann Haley, to recover all of certain premises in the city of Lewiston.

The case is stated in the opinion.

*D. J. McGillicuddy and F. A. Morey*, for plaintiff.

*W. H. Judkins*, for defendant Horrigan.

*W. H. Newell and W. B. Skelton*, for defendants Dugan and Callahan.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WHITEHOUSE, J.   This is a writ of entry in which the plaintiff seeks to recover possession of the real estate described in the writ, claiming title to the entire property.   The defendants Horrigan and Dugan claim each an undivided two-ninths part, and the defendant Callahan, an undivided three-ninths of the property, and all the defendants disclaim the residue.   It is accordingly admitted by the pleadings that the plaintiff is in any event entitled to judgment for two-ninths of the premises described in her writ.

It is not in controversy that August 9, 1886, Ann Haley, the plaintiff's grandmother, was lawfully seized of the property in question, and signed and ackowledged a deed of warranty of the premises to her daughter, Annie Haley, an infant twelve years of age, who afterwards married Egan and became the mother of this plaintiff. This deed appears to have been prepared in the office of Judge Cornish of Lewiston, and was recorded in the registry of deeds on the day of its date.   Patrick Haley, the husband of the grantor, was not present in the office at that time, but affixed his signature to the deed elsewhere before it was recorded, at some later hour in the day. At the same time, and as a part of the same transaction, Annie Haley, the infant grantee, executed a deed of the same premises back to her mother, but the deed was not recorded until February 3, 1887. Ann Haley died April 6, 1897.   The daughter, Annie Haley Egan, died about six months before the death of her mother.

It is claimed on behalf of the plaintiff that the deed from Annie Haley to her mother, executed while she was a minor, was absolutely void, or if not, that it was a voidable deed, not ratified after she became of age, and that by virtue of the deed from her mother, with a release of dower from her father, she acquired a valid title to the whole property which descended to the plaintiff at the decease of her mother.

On the other hand, it is contended in behalf of the defendants that this deed from Ann Haley to her daughter was never delivered to the child so as to take effect as a conveyance of title, and hence that it is

unnecessary to consider the effect of the deed from Annie Haley back to her mother.

After a careful examination of all the evidence reported and full consideration of the situation and the circumstances of the parties, it is the opinion of the court that the defendants' contention must be sustained. There is not only no affirmative testimony that the deed was ever actually delivered to the grantee, or to any agent or attorney of the grantee, but no competent evidence from which any presumption of delivery arises. It appears that Judge Cornish witnessed the signatures and took the acknowledgments of Ann Haley and the daughter Annie Haley, the grantors in the two deeds, respectively, but it is admitted that he has no knowledge whether either of the deeds was delivered or not. The original deed from Ann Haley to her daughter, under which the plaintiff claims, was not produced in court, and there is no evidence that it was ever in the possession of either the plaintiff or her mother. On the other hand it does appear in testimony that this deed was in the possession of the administrator of the grantor, Ann Haley, and was by him delivered to the defendant Callahan. It is not shown, however, that Callahan was ever notified to produce the deed in court, and without assigning any reason for the absence of the original, the plaintiff's counsel introduced in evidence, subject to objection, an attested copy of it from the registry of deeds. He now contends that this office copy is prima facie evidence of the delivery as well as of the execution of the deed.

Section 110 of chapter 82, R. S., provides that "when original deeds would be admissible, attested copies of such deeds from the registry may be used in evidence without proof of their execution, when the party offering such copy is not a grantee in the deed nor claims as heir," etc. And in *Whitmore* v. *Learned*, 70 Maine, 276, it was held that the production of an office copy of a deed in such a case, in the absence of any circumstances tending to remove the presumption arising therefrom, is prima facie evidence not only of the execution, but also of the delivery of the deed. But it has been seen that the plaintiff in this case does claim as heir of the grantee in the deed under consideration. The statute is, therefore, clearly inapplicable to the plaintiff's case. It expressly excludes from its operation

the deed to a party who is himself the grantee or who claims as heir. The office copy offered by the plaintiff in this case was not admissible under the statute without proof of the execution of the deed. Neither was it admissible as secondary evidence without proof that all apparent means to procure the original had been exhausted.

Nor does the fact that the deed was recorded have any necessary tendency, under the circumstances of this case, to prove that it had been delivered. In *Rowell* v. *Hayden*, 40 Maine, 582, the defendant pleaded in bar of a writ of entry, that after the commencement of the action the demandant had conveyed the premises to a third party "by his deed duly executed, acknowledged and recorded . . . . whereby the demandant was wholly devested of all right, title and interest in and to the premises;" and in considering the sufficiency of this plea, on demurrer, the court say: "The pleas are not defective. The fact that a deed is recorded is prima facie evidence that it has been delivered." But this general statement was not necessary to the decision of the question there presented; for it is an established rule of pleading that "the delivery of a deed, though essential to its validity, need not be stated in pleading." 1 Chitty's Pl. (16 Ed.) 378. So in *Jackson* v. *Perkins*, 2 Wend. 317, the court say, with reference to the facts of that case: "Proof of the due execution of a deed, and of its having been recorded, is perhaps prima facie evidence of its delivery; but it would be subversive of all principle to hold the nominal grantee concluded by these acts, all of which may be performed by the grantor, without the knowledge, privity or consent of the grantee. It is true, that in pleadings it is not necessary to aver in terms either the sealing or the delivery of a deed; they are both implied in the term deed or writing obligatory. But this is merely a rule of pleading, and does not determine the question as to what shall be evidence of the sealing or delivery upon the trial." See also *Scrugham* v. *Wood*, 15 Wend. 545, 30 Am. Dec. 75; and *Gilbert* v. *No. Am. Fire Ins. Co.*, 23 Wend. 43, 35 Am. Dec. 543.

It is unnecessary to controvert the proposition, however, that the record of a deed may be an evidential fact having more or less tendency, according to circumstances, to show that the deed had been

delivered to the grantee therein named or to some person for his use.
It may, under some circumstances, be prima facie evidence of delivery.
But there is no sufficient warrant in reason or precedent for declaring
as a rule of law or presumption of fact, that the record of a deed is,
under all circumstances, prima facie evidence of a delivery.    On the
other hand, experience has shown it to be undoubtedly true that,
under some circumstances, the record may have no legitimate ten-
dency whatever to prove a delivery.    The case of *Hill* v. *McNichol*,
80 Maine, 220, is an apt illustration of this statement.    In that case
the following language used by the presiding judge in his charge to
the jury was expressly approved by the law court, viz:    "It is no evi-
dence that a deed has been delivered because containing the words
'signed, sealed and delivered'; that is a preparation for delivery,
because the words must be written before the deed can be delivered.
Nor is it any evidence in this case that the deed was delivered because
it has been recorded; that is not the least legal evidence of delivery."
Again, in *Hatch* v. *Haskins*, 17 Maine, 397, cited with approval in
*Patterson* v. *Snell*, 67 Maine, 559, it is said in the opinion:    "The
possession and production of a deed by the grantee is prima facie evi-
dence of its having been delivered; and for like reasons in the
absence of all contradictory testimony the presumption arises, when
found in the possession of and produced by the grantor, that it has
not been delivered."

In the case at bar there seems to be no "contradictory testimony"
and nothing in the situation and circumstances of the parties having
any necessary tendency to repel the presumption that this deed, shown
to have been in the possession of the grantor's representative, had not
been delivered to the grantee.    It is admitted that both before and
after August 9, 1896, the date of the deed in question, Ann Haley
was repeatedly convicted of violating the statutes of the state against
the unlawful sale of intoxicating liquors; and in the absence of any
other reason for the extraordinary transaction it seems entirely prob-
able that the deed was executed as a mere form in the hope that the
public record of the conveyance of her property to another, would
tend to shield her against the enforcement of the penalties likely to
be imposed upon her in these criminal prosecutions, and also against

any judgments that might be recovered under the civil damage act. She doubtless believed that this purpose might be as effectually subserved by creating the appearance of a formal conveyance of the property on the records, without an actual delivery of the deed, as by a legal transfer of the title. And it is not probable that, without special instructions in regard to the necessity of a delivery, she would have intrusted such an important paper to the keeping of a child of that age. That she did not intend to be absolutely devested of her title is evident from her precaution in taking a deed of the property from her daughter back to herself.

> *Judgment for the plaintiff for two undivided ninth-parts of the premises described in her writ.*