N. HOLI *et al. vs.* P. F. KOAKANU.

EXCEPTIONS TO RULINGS OF JUDD, C. J.

APRIL TERM, 1885.

JUDD, C. J.; McCULLY AND AUSTIN, JJ.

A lease need not be in duplicate; one copy, if properly executed, is enough.

A lease was signed by both parties and kept by the lessor; a copy made for the lessee was found defective and taken away to be corrected; held, there was a delivery of the lease.

The Court having charged the jury that one lease, properly executed, held by either party, could be enforced by either; held, it was not necessary to direct the jury that the lease must be delivered.

OPINION OF THE COURT, BY AUSTIN, J.

THIS action was brought to recover damages for breach of the covenant for quiet enjoyment in a lease, and is here on exceptions.

The sole questions in the case are whether there was a sufficient delivery of the lease proved, and whether that question was properly submitted to the jury.

A lease was executed of taro land at $420 a year rent. This was to include taro then growing. The defendant, the lessor, signed it, and the five plaintiffs, the lessees, signed it. Its terms were dictated by the defendant. An additional copy of the lease was made, but was found defective, and was taken away to be corrected. The lease was dated July 1, 1884, when the term was to begin, but was actually executed June 12th. The rent was payable in advance, and $110 of it was paid down. It was said that the copy should be taken away and amended and brought back and signed, and both papers acknowledged July 1st, and balance of rent paid. On this point defendant says: "They told me they would take their paper to correct, and then come again, and then we would sign it, and it should become our lease. I said, if it corresponds with mine." The lease then signed, which the defendant calls his, was left with him, and he then received

$110 on the rent, as stated by plaintiffs' witnesses. Defendant said if plaintiffs did not then pay part of the money, he would lease the land to other people.

These facts, and all the testimony in the case, were submitted to the jury, and they found there was a delivery on June 12th. The proof of delivery was ample. Had the finding been the other way, on such proof, the verdict would have been set aside. No substantial act remained to be done. The contract was complete, and the defendant held the covenant of the plaintiffs to pay, and had made his covenant to lease just as he intended to have them. The covenants were substantial and important on both sides. A copy or duplicate for the plaintiffs was contemplated, but it was not requisite. The lease was complete. It was immaterial which party held the custody of the paper. Either might hold it, and the other would be entitled to enforce it against him. Subsequent acknowledgment, though mentioned, was not essential to the validity of the lease. The finding of the jury cannot be disturbed.

See *McLean vs. Button*, 19 Barb., 450.

The other question arises on the charge. The presiding Judge charged the jury : " I do not think it necessary in a lease to have two parts ; that is, a lease and a copy, one part to be kept by each party. If one is completed and properly executed, and either party holds it, it is a good lease, and can be enforced by either.

This is good law, and if the jury found the facts to be true, they constituted a delivery. But the defendant's counsel insisted that the Court should direct the jury, *in hæc verba*, that the lease must be delivered. This was not essential. The charge made was far more useful to the jury in reaching a verdict than the general language required.

The law, as here stated, is well supported by authority.

See *Souverlage vs. Arden*, 1 Johns. Ch., 239 ; 4 Kent's Com., 456; *Wallace vs. Berdell*, 97 N. Y., 13.

The judgment must be affirmed.

*Kinney & Peterson*, for plaintiffs.

*W. R. Castle*, for defendant.

Honolulu, May 28, 1885.