In the Matter of the Estate of SYLVESTER TUMMONDS, Deceased.

Surrogate's Court, Wayne County, March 10, 1936.

*Brasser & Brasser,* for the executors.

*Charles P. Williams,* for the petitioning creditor.

*Charles T. Ennis,* for the devisee.

GILBERT, S. Sylvester Tummonds, the above-named decedent, died on January 27, 1929, leaving his last will and testament which was admitted to probate in this court on February 13, 1929. On August 12, 1930, an intermediate account was filed by the executors of his estate which showed that the personal property was insufficient for the payment of his debts, and thereupon the First National Bank of Sodus, a creditor of the estate, brought this proceeding for a sale of real property for the payment of debts. It appears that the estate was interested in some patent litigation over patents in which the decedent had a considerable interest and the proceeding to sell real property was adjourned from time to time with the consent of all parties in the hope that a successful termination of the patent litigation would obviate any necessity for the sale of decedent's real estate. This patent litigation has resulted in a determination unfavorable to the estate and it now becomes necessary to dispose of the real estate proceeding.

A sale of the real estate in question is opposed by the executors of the estate of Fanny O. Tummonds, the widow of Sylvester Tummonds and who survived her husband for several years but is now deceased, on the ground that the real estate in question was not owned by Sylvester Tummonds at the time of his death but was the property and is now an asset of the estate of said Fanny O. Tummonds. This claim is founded upon a deed executed by Sylvester Tummonds to the said Fanny O. Tummonds under date of April 8, 1927, acknowledged on the same day before one A. B. Bennett, a justice of the peace. It is contended by the

petitioning creditor that this deed never became a legal and binding instrument for the reason that it was never delivered to the grantee and a decision of the issue raised in this proceeding rests solely on the question whether or not there was ever such a delivery of the deed in question as to pass title to the premises described therein to the said Fanny O. Tummonds.

The hearing had in this proceeding developed the following facts which are not in dispute between the parties: Sylvester Tummonds and his wife resided together in the village of Williamson and in the property in question up to the time of his death, which was January 27, 1929. His widow continued to occupy the property until the time of her death on January 15, 1933. Decedent executed his will under date of March 23, 1927, and, under the terms of the will, his wife was given the life use of his real estate, which comprised other parcels beside the one in question, and the parcel in question, after the death of his wife, was given to his daughter, Orra A. Anderson. The said daughter and one William J. Gates were named as executors of decedent's will. On April 8, 1927, about three weeks subsequent to the date of his will, the decedent called into his home one Albert B. Bennett, a justice of the peace of the town of Williamson, and requested him to draw up a deed to the home to his wife, Fanny O. Tummonds. The deed was drawn by Mr. Bennett and was executed in the presence of the decedent and his wife, and Mr. Tummonds, after executing the deed, stated, " there, that will take care of my wife." Mr. Tummonds then put the deed in his safe in a room in the home where they resided. On the same day Mrs. Tummonds made her will in which this real estate was devised to her husband, the decedent, if he survived, otherwise to the decedent's daughter, Orra A. Anderson, and Fanny O. Tummonds appointed her husband Sylvester and the same William J. Gates as executors of her will. This deed from the decedent to his wife was not recorded and was found in his safe after his death. It does not appear where decedent's will or his wife's will were kept after they were drawn, except the fact that Mrs. Tummonds' will was not found in the safe in their home after the death of her husband although the deed in question was found there. In August of 1930 the executors of Sylvester Tummonds filed an account in which they stated in substance that the decedent's personal property was insufficient to pay his debts and that it would be necessary to secure an order for the sale of all real property owned by the decedent, " including the house and lot of which the life use was devised to Fanny O. Tummonds, widow." Fanny O. Tummonds continued to reside in the home up to her death in 1933.

This is not a situation where a person executes a deed to another unbeknown to that other and then retains possession of the deed as well as the sole possession, use and benefit of the property conveyed until the death of the grantor and then the deed is discovered; nor is this a case where a deed is executed and delivered to a third person with instructions to deliver the deed to the grantee after the death of the grantor, in the meantime retaining the sole possession, use and enjoyment of the property. In such cases it has been held that something more than the mere execution of the deed is necessary to show a delivery and an intent to part with the title. In the instant case we have the grantor, the grantee and the scrivener together in the home where the grantor and grantee, husband and wife, resided; the deed is executed and acknowledged in the presence of the grantee; the grantor states in substance that he is providing for his wife; the wife immediately thereafter executes her will under which the property is devised back to the grantor in the event that he should survive his wife; and the property in question is the dwelling house and lot where the two parties resided together. Under these circumstances, I do not consider it particularly important or even unusual that the deed is placed in the safe in the home where the husband undoubtedly kept his papers and other things of value.

The decisive question seems to be, could Fanny O. Tummonds, after the transaction in question, have compelled or enforced against her husband delivery into her possession of the deed, and I think there can be little doubt of it.

There are many cited cases on this question of delivery. The case of *Fisher* v. *Hall* (41 N. Y. 416) seems to be a leading case and to declare the modern rule of law on this point. This case overrules some of the earlier decisions which would seem to hold that execution alone implied delivery and holds that there must be other facts or surrounding circumstances which indicate an intent to part with the title. In that case the grantor executed a voluntary deed, retained it in his possession during his lifetime and without the knowledge of the grantee that such a deed had been executed and retained the sole use and income of the premises conveyed. In fact there was no evidence of a delivery of the deed excepting the fact that the deed had been executed. Some of the essential points lacking in that case and which the court held to be essential to show a delivery are found in the case at bar. In that case the grantee was not present and had no knowledge of the transaction nor did the grantor express to any one his intention that the instrument should take effect as a conveyance. In the present case, we have the grantor, the grantee and the scrivener together while

the deed is executed and the declaration of the grantor of his purpose and intent in executing it. A discussion of the question of delivery is found in the opinion in *Wallace* v. *Berdell* (97 N. Y. 13) where the court quotes in part from the rule laid down by Chancellor KENT as follows: " if both parties be present, and the usual formalities of execution take place, and the contract is to all appearances consummated, without any conditions or qualifications annexed, it is a complete and valid deed, notwithstanding it be left in the custody of the grantor." In short, the cases all seem to be governed by the question of intent. Where there has been no delivery of · possession of the deed and there is nothing else to show the intent of the alleged grantor, it seems to be the general rule that the executed deed itself is not sufficient to show delivery but there must be other facts or circumstances in connection therewith to show an intent on the part of the grantor to pass immediate title and with these other facts or circumstances present the actual possession of the instrument itself is of secondary importance. Numerous cases are cited in the briefs submitted which are not discussed in this opinion but which all bear out the rule of law herein stated and as established in *Fisher* v. *Hall* and *Wallace* v. *Berdell* (*supra*).

Mention is made in the brief of the petitioner of the statement contained in Schedule G of the account filed in 1930 by the executors of Sylvester Tummonds to the effect that it would be necessary to sell the real estate left by him including the premises of which the life use was devised to his wife Fanny. There is nothing in the evidence to connect up Fanny O. Tummonds with this statement or to show that she had any knowledge of it. She was not one of the executors and cannot be bound by the statement in question. She was then in possession of the property and remained in possession until her death some three years later.

The petition must be denied on the ground that the decedent was not seized of the real estate in question at the time of his death and that it is not an asset of decedent's estate.

A decree may be entered accordingly.