Bronson, J.
[ *45 ] *By the Court, It was necessary for the plaintiff to establish on the trial his interest in the subject insured ; but I find nothing in the ninth condition annexed to the policy, which made it necessary for lffui to stafe the nature of his interest in the affidavit, which formed a part of the preliminary proofs. He was to deliver a particular account of his loss, and accompany the same with his oath. He stated in his affidavit, that the flouring mill which belonged to him, and which was insured, was, on a specified day, totally destroyed by fire, and that his loss and damage by reason of the fire, would exceed ten thousand dollars. This seems to be a full and fair compliance with that part of the ninth condition which relates to this question, and I think no criticism upon the words of the affidavit would have been attempted, had it not been for the question which arose concerning the conveyance of the property before the loss happened. That question remains to be considered by'itself. The objection to the preliminary proofs was properly overruled.
II. There is no foundation for the objection, that the plaintiff’s interest in the mill passed by the trust deed to William P. Nottingham. The general words, “ all my real estate,” were plainly qualified and restricted in their operation, by the reference which immediately followed to “ a schedule,” in which two parcels of land were particularly described, and the Oswego property was not mentioned. It would be doing violence to the plain intent of the parties, to say that the mill passed by that deed.
III. The deed of May 19, 1837, to Jeremiah Nottingham, presents a more important, though not a very difficult question. If the grantor do not intend that his deed shall take effect until some condition is performed, or the happening of some future event, he should either keep it himself, or leave it with some third person as an escrow, to be delivered at the proper time. If he deliver it &s his deed to the grantee, it will operate immediate *45 ly, and without any reference to the performance of the condition, although such a result may be contrary to the express stipulation of the parties at the time of the delivery. This is one of the cases in *which [ *46 ] the law fails to give effect to the honest intention of the parties, for the reason that they have not adopted the proper legal means of accomplishing their object.
But this case does not come within the rule. There was no delivery of the deed, either upon condition or otherwise, to the grantee. The agreement of the parties was, in substance, that the deed should be placed in the hands of Mr. Babcock, until the controversy with White should be settled, and then, and not before, the conveyances should be delivered. It was not necessary that the word escroio should be used in making this arrangement. The intention of the parties was sufficiently manifested without it. Clark v. Gifford, 10 Wendell, 810. If Babcock had been present, and the conveyances had been handed to him at that time, there would have been no question about it. And although absent, if the deed had been sent to him, with the proper instructions, by the hand of a third person, it could not be maintained that this would amount to a delivery to the grantee.
Now, what was done in this case ? The deed, as well as the mortgage, was left in the hands of Nottingham to be forwarded to Babcock, the depositary. It was not put into the hands of the grantee to keep, but merely as a mode of transmission to Babcock, as was well said by the judge on the trial. There was neither any formal delivery, nor any intent that the grantee should take it as the deed of the grantor. Nottingham received it, not as grantee, but as the agent of the grantor for a special purpose ; and I see no good reason why he could not execute that trust as well as a stranger. He did execute it with fidelity, and the deed still remains with the depositary agreed on by the parties.
The fact that the deed had been recorded, was only prima facie evidence of a delivery, which might be rebutted. Jackson v. Perkins, 2 Wendell, 308. What would have been the consequence had Nottingham conveyed to a bona fide purchaser, need not be considered on this occasion.
New trial denied.