## LAWTON *vs.* SAGER and others.

A deed can only be delivered as an *escrow,* to a third person. If it be intended that it shall not take effect until some subsequent condition shall be performed, or some event shall happen, such condition must be inserted in the deed itself; or else it must not be delivered to the grantee.

Whether a deed has been delivered or not is a question of fact, upon which parol evidence is admissible. But whether a deed, when delivered, shall take effect absolutely, or only upon the performance of some condition not expressed therein, can not be determined by parol evidence.

Where a deed, absolute upon its face, is delivered to the grantee, it takes effect at once. It can not be delivered to take effect upon the happening of a future contingency; for this would be inconsistent with the terms of the instrument itself.

Lawton v. Sager.

Unsuccessful claimants of surplus moneys arising from a mortgage sale, will be charged with the extra costs occasioned by their claims, where the claim of the successful party is just and equitable, and the amount of the surplus is small, and a large amount of unnecessary costs has been incurred in the litigation of the claims.

THIS case was heard upon exceptions to the report of a referee to whom it had been referred, to ascertain the priorities of the several claims to the surplus moneys arising from the sale of the mortgaged premises in this cause, and who were entitled to such surplus moneys. The surplus moneys amounted to $315,61. The referee reported that John W. Hallenbeck was entitled to $122 of that sum—that Casper P. Collier was entitled to $106,78, and that the balance of the surplus, amounting to $86,83, belonged to Darius Howland. The claimant Howland excepted to the report, on the ground that he had a prior right to all the surplus moneys.

It appeared from the evidence taken by the referee, that the mortgaged premises which produced the surplus in question, were sold on the 8th of April, 1848; that on the 14th of January preceding, Sager, the mortgagor and owner of the premises, had executed a conveyance of the same to Howland, in trust for his creditors. The deed was acknowledged and recorded on the 17th of January, 1848. On the 3d of February, 1848, the claimant, Hallenbeck, recovered a judgment against Sager for $101,37, which was docketed in the Greene county clerk's office, in which county the mortgaged premises were situated. On the 17th of February, 1848, the claimant Collier recovered a judgment by confession against Sager for $150 of debt, and $8,71 costs, which judgment was also docketed in the Greene county clerk's office.

It was insisted before the referee, that the deed of assignment was delivered *conditionally*; that it was agreed between Sager and Howland, at the time of the delivery, that the latter should procure certain creditors who had commenced proceedings against Sager as an absconding debtor, to discontinue those proceedings, and come in with other creditors under the assignment, and that upon his failure to effect this arrangement, he was to

Lawton *v.* Sager.

return the assignment to Sager. Upon this question a large amount of testimony was taken before the referee. The referee decided, upon the evidence before him, that the deed of assignment was delivered conditionally, and that the condition had not been performed. Upon this ground he held that the creditors of Sager who had obtained judgments subsequent to the execution of the assignment, were entitled to priority.

*A. Greene*, for the claimant Howland.

*C. P. Collier*, for the claimants Hollenbeck and Collier.

HARRIS, J. The deed of assignment is valid upon its face, and absolute. That it was duly executed by Sager, is not denied; nor is it denied that it was delivered to Howland, the grantee. The only question of fact in the case is, whether such delivery was absolute or conditional. From a hasty examination of the mass of testimony in the case, I am inclined to think the referee has erred in his conclusion upon this question; but whether he has or not, I do not deem it necessary to decide.

A deed can only be delivered as an *escrow* to a third person. If it be intended that it shall not take effect until some subsequent condition shall be performed, or some subsequent event shall happen, such condition must be inserted in the deed itself, or else it must not be delivered to the grantee. Whether a deed has been delivered or not, is a question of fact upon which, from the very nature of the case, parol evidence is admissible. But whether a deed, when delivered, shall take effect absolutely, or only upon the performance of some condition not expressed therein, can not be determined by parol evidence. To allow a deed, absolute upon its face, to be avoided by such evidence, would be a dangerous violation of a cardinal rule of evidence. (*Gilbert* v. *The North American Fire Insurance Company*, 23 *Wend.* 43. *Ward* v. *Lewis*, 4 *Pick.* 518. 4 *Kent's Com.* 454. *Jackson* v. *Catlin*, 2 *John.* 248, *per Platt, arguendo.*) The deed in this case being absolute upon its face, and having been delivered to the grantee himself, took effect at once. It

Lawton *v.* Sager.

could not have been delivered to take effect upon the happening of a future contingency, for this would be inconsistent with the terms of the instrument itself. Without regard, therefore, to any understanding which may have existed between the parties at the time the deed was delivered, it must be held to be an absolute conveyance, operative from that time. The second, third and fourth exceptions must therefore be allowed, and an order must be entered declaring the claimant Howland entitled to the whole of the surplus moneys in question.

The first and fifth exceptions must be disallowed. The matters to which they relate are not the proper subjects of exception.

The order to be entered upon this decision must also direct that the claimants Hallenbeck and Collier, who have failed to establish their claims to the surplus moneys or any part thereof, be charged with the extra costs, to which the claimant Howland has been subjected by reason of their claims. The claim of Howland was just and equitable. The amount of the surplus is small. At the best, it will make but an insignificant dividend for the creditors of Sager, among whom it is to be distributed. Without adverting to the character of the claims of the unsuccessful parties, it is enough to say that they have entirely failed to establish their claims, and that a large amount of unnecessary costs has been incurred in their litigation. Under these circumstances I do not feel at liberty to charge these costs upon the fund in question. The parties who have failed ought not to complain if they are made to bear the usual consequences of defeat. The amount of such extra costs is to be determined by some proper officer upon the usual notice of taxation.

[ALBANY SPECIAL TERM, July 7, 1851. *Harris*, Justice.]