# UELAND v. MORE BROTHERS et al.

## (133 N. W. 543.)

**Mortgage — subsequent deed in payment for machinery purchased conditionally — rescission of contract — effect of delivery of deed to convey title under statute.**

1. Plaintiff claims right to sheriff's deed on foreclosure after expiration of period of redemption, and denies the validity of More Brothers' redemption under a subsequent mortgage. The owner gave his first mortgage, the one foreclosed upon by plaintiff. Thereafter he deeded the land as a part payment for threshing machinery purchased of his grantees, with the understanding that the same should not be recorded and the purchase of the machinery be closed, until the machinery should be tested and be approved by him. The machinery was delivered, proving worthless, and he rescinded the contract and delivered back the machinery, which was accepted by his grantors. More Brothers had full knowledge of the transaction, but, prior to said rescission, procured delivery to them by the grantors of the unrecorded deed, together with a mortgage given by said grantees to More Brothers, securing a past indebtedness, and thereupon recorded both deed and mortgage. Thereafter the grantor obtained judgment against his grantees for reconveyance and cancelation, and the land was accordingly reconveyed. But More Brothers were not made parties to, and did not appear in, said action. Thereafter foreclosure of the first mortgage was had by this plaintiff, and More Brothers redeemed under said second mortgage. Plaintiff brings this action to cancel said voidable mortgages to More Brothers and compel sheriff to issue deed on foreclosure to plaintiff, instead of to More Brothers, to whom sheriff has issued certificate of redemption. It is *held*: Under § 4954, Rev. Codes 1905, following holding in Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576, the manual delivery of the deed to

Note.—The holding in the case of UELAND v. MORE BROTHERS is in harmony with the well-settled rule of law, as shown by the authorities collated in a note in 16 L.R.A.(N.S.) 941, that, where a grantor delivers his deed to the grantee, without any express reservation of the right to recall it, and with intent that in a certain contingency it shall be effective without any further act on the part of the grantor, such delivery is effectual to pass the title immediately. There are two different grounds upon which the courts arrive at such conclusion: first, the well-known rule of evidence that parol testimony is inadmissible to vary the terms of a written instrument; and, second, that such delivery is an attempt to deliver the deed in escrow to the grantee, which cannot be done, since delivery to a stranger is essential to an escrow.

The general question of what is a delivery of a deed which will convey title is the subject of a note in 53 Am. St. Rep. 537.

the owners' grantees being admitted, the intent of the parties that a condition precedent to its operation shall exist is abrogated by the statute, and such a delivery is absolute, and conveys title to the grantees, to whom the same was by the grantor delivered.

**Judgment — conclusiveness against persons not parties.**

2. Legal title existing in such grantees, their mortgage to More Brothers is, valid until set aside, and the judgment obtained to which said mortgagees were not parties in no wise affects their right of redemption under their mortgage, the judgment not operating against them *in personam* nor binding them as a, judgment *in rem;* the judgment being subsequent to and no part of More Brothers' chain of title.

**Mortgage — statutory right to redeem; right to sheriff's deed.**

3. More Brothers, under their statutory right to redeem, are entitled to sheriff's deed on their redemption made.

Opinion filed October 26, 1911.   Petition for rehearing November 25, 1911.

Appeal from District Court, La Moure county; *Burke,* J.

. Action by L. A. Ueland against the More Brothers and another. From a judgment for plaintiff, defendants appeal.

Reversed and rendered.

*Davis, Warren, & Hutchinson* and *Ball, Watson, Young, & Lawrence,* for appellants.

*F. H. Larsen* and *Engerud, Holt, & Frame,* for respondent.

Goss, J.   Briefly recited, the following are the facts in this case: Plaintiff L. A. Ueland was a purchaser at a foreclosure sale, and there was issued to him the usual sheriff's certificate on foreclosure.   The land so sold had previously belonged to and was mortgaged by M. A. Ueland, a brother of L. A. Ueland.   Plaintiff brings this action to quiet title in him and to compel issuance to him of a sheriff's deed.   He claims no legal redemption has been made during the redemption year, and that a subsequent mortgage of the premises by M. A. Ueland's grantees, Hiller & Hasz, under which More Brothers have sought to redeem, is void, and confers on them no right to redeem.

Some years after giving the mortgage on which foreclosure was had, M. A. Ueland and wife purchased certain threshing machinery through Hiller & Hasz, who, in turn, dealt with the machine company through More Brothers as state agents for said machine company.   In

addition to the usual order for machinery signed by M. A. Ueland and Hiller & Hasz, M. A. Ueland had the following separate agreement with Hiller & Hasz, *viz.:* "It is hereby agreed by and between Hiller & Hasz, as party of the first part, and M. A. Ueland, party of the second part, that, if the machinery (describing it) does not fulfil the guaranty as given by manufacturers of above machinery, then Hiller & Hasz are to take the same off from my land, and return papers and all notes given in payment for above-mentioned machinery without expense to me." Contemporaneous with such agreement, and as the papers mentioned therein, M. A. Ueland and wife, grantors, executed their warranty deed to the land involved to Hiller & Hasz as grantees for and as a $2,165 payment of the contract purchase price of the machinery; also executing notes, secured by chattel mortgage, for $1,135, to Hiller & Hasz as payees, as the balance of the $3,300 purchase price for such threshing machinery. These papers were delivered to Hiller & Hasz with the understanding that the same would not be recorded until the machinery had proven satisfactory to M. A. Ueland, purchaser, which fact, together with the details of the agreement between Hiller & Hasz and M. A. Ueland, was known to More Brothers, one of whom, J. L. More, was present during the transaction and signed as a witness the deed and chattel mortgage, and became fully aware of all of the details of the entire transaction. Under the terms of the order, the machinery was shipped to More Brothers in care of Hiller & Hasz, with purchase price to be paid by Hiller & Hasz to More Brothers, with whom all settlements were to be had, practically making More Brothers the sellers of the machinery to Hiller & Hasz, their agents, who, in turn, resold to M. A. Ueland, the real purchaser. Delivery was thereafter had of the machinery; the same proving worthless. Thereupon Hiller & Hasz, in fulfilment of their contract, accepted the machinery back from M. A. Ueland on his rescission of the contract. Prior to such rescission, during the time the machinery was being tried, More Brothers demanded a settlement with Hiller & Hasz, and procured from them the unrecorded deed from M. A. Ueland to Hiller & Hasz. They also procured Hiller & Hasz to give them, More Brothers, a mortgage on the land to which Hiller & Hasz still held the unrecorded deed of M. A. Ueland and wife. This mortgage was for $1,805 and interest, the amount then owing on this and other transactions by Hiller & Hasz to

More Brothers, and was, together with said Ueland deed, immediately
placed on record by More Brothers. Afterwards M. A. Ueland began
an action for rescission of the contract and cancelation of the deed of
himself and wife to Hiller & Hasz, and secured a judgment against,
Hiller & Hasz by default, adjudging the mortgage void, canceling the
notes given, and directing Hiller & Hasz to redeed the land to M. A.
Ueland, which was done. More Brothers were not made parties to this:
action, and did not participate therein, although they held the mort-
gage of Hiller & Hasz to them, which mortgage was of record at and
prior to the time of commencement of the action by M. A. Ueland
against Hiller & Hasz. The deeds above mentioned and the mortgage
from Hiller & Hasz to More Brothers, were all subject to a prior re-
corded mortgage of $500 and interest on the same land, which mort-
gage was, two years after the entry of the judgment in favor of M. A.
Ueland and against Hiller & Hasz, assigned to L. A. Ueland, plaintiff
in these proceedings, and foreclosed by advertisement by a sale of the.
premises on June 1, 1908. On May 22, 1909, More Brothers, claim-
ing the right to redeem under their $1,805 mortgage, then amounting to
$2,309, paid the sheriff $826.87, the full amount necessary to redeem
said premises from the foreclosure sale under the prior mortgage, and
demanded and secured to be issued and delivered to them the usual
sheriff's certificate of redemption. Plaintiff refused to receive such
redemption money, insisting that the mortgage to More Brothers, under
which said redemption was made, was void and insufficient to entitle
More Brothers to redeem. Plaintiff began this action to compel the
sheriff to issue sheriff's deed to him, and that the mortgage under which.
More Brothers attempted to redeem be declared void and title to said
premises be quieted in L. A. Ueland under the foreclosure of said first
mortgage. Neither M. A. Ueland and wife nor Hiller & Hasz are
made parties to this action.

While there is some conflict in the testimony on the question of the
intention of the parties, M. A. Ueland and wife, as grantors, in deliv-
ering the deed to Hiller & Hasz as grantees, we are satisfied the evi-
dence shows the same was intended to be delivered Hiller & Hasz in es-
crow, and to be held by them until such time as M. A. Ueland declared
himself to be satisfied with the machinery purchased, of which con-
ditional delivery More Brothers had actual knowledge, that M. A. Ue-

land never accepted the machinery, and consequently never became the owner of it, and that the same was accepted back by Hiller & Hasz. We are also satisfied that the mortgage was taken by More Brothers to secure a pre-existing indebtedness, and with full notice that the contract was subject to rescission by M. A. Ueland, in which event the property, the sole consideration for the deed, should be returned to Hiller & Hasz. Hiller & Hasz have never paid More Brothers the indebtedness purported to be secured by their mortgage to them.

Under the foregoing facts, do More Brothers have the right to redeem? If not, sheriff's deed should issue to L. A. Ueland, all rights of M. A. Ueland having elapsed by his failure to redeem during the year of redemption. So far as the equities are concerned, the plaintiff is asking a court of equity to give him by forfeiture several thousand dollars' worth of property. Likewise, the defendants More Brothers are brought with unclean hands into court to demand that a court of equity keep hands off and permit them to secure, at least, full payment of a debt, because of lien security procured by them under circumstances amounting to a fraud on a stranger to the action, conceding, as their counsel does, that the mortgage upon which they seek to redeem, was, as between their mortgagor's grantors and themselves, voidable, but never avoided and still in force, granting them the statutory right because of its want of rescission to perfect redemption, and thus secure title to the premises in question. Granting that the deed from M. A. Ueland and wife to Hiller & Hasz was intended to be delivered in escrow, such a delivery is a legal impossibility, as a delivery in escrow by the grantor to the grantee named in the deed is impossible, and amounts to legal delivery under the statute and authorities. The law to that effect is settled in this state. See Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576, construing § 3517, Rev. Codes 1899 (§ 4954, Rev. Codes 1905), reading: "A grant cannot be delivered to the grantee conditionally. Delivery to him or to his agent as such is necessarily absolute; and the instrument takes effect thereupon discharged of any condition upon which the delivery was made." It is here admitted that the manual delivery of the deed was made, subject, however, to an intended condition precedent to its operation. The effect of the statute is to abrogate the condition precedent, and make the delivery absolute. To hold otherwise would be to abrogate the statute, and, regard-

less of equities, this we cannot do. As is said in Sargent v. Cooley: "The deed in this case being absolute upon its face, and having been delivered to the grantee himself, took effect at once.    It could not have been delivered to take effect upon the happening of a future contingency, for this would be inconsistent with the terms of the instrument itself. Without regard, therefore, to any understanding which may have existed between the parties at the time the deed was delivered, it must be held to be an absolute conveyance, operative from that time."

The deed, therefore, subject to M. A. Ueland's right to set it aside, or have the property therein described reconveyed, was valid, and at the time the mortgage to More Brothers under which redemption is sought was given legal title to the premises mortgaged was in Hiller & Hasz, mortgagors; and, notwithstanding M. A. Ueland's right once existing to set aside this mortgage, the mortgage remains until canceled by satisfaction or court decree, even as against M. A. Ueland, the former equitable owner of the property; and based thereon a statutory right of redemption exists as against this plaintiff, unless barred, as contended by him, by the judgment obtained by M. A. Ueland and wife, adjudging the deed void and under which the reconveyance was had to M. A. Ueland.    The title of Hiller & Hasz, under the M. A. Ueland deed, was valid until so set aside by judgment, and therefore sufficient in law to render the mortgage valid when given.    The mortgage was voidable, not void, and More Brothers were not parties to the action to cancel the deed, and hence had no interest in its outcome.    It was begun after their lien interests had been acquired with their mortgage existing on the land, and any judgment therein rendered could not constitute a muniment of title and thereby bind them, as More Brothers could not in any way claim under or through such judgment.    They were not bound *in personam* by the judgment to which they were not parties, nor *in rem* by having to claim title through or under said judgment.    Consequently their rights are unaffected by it.

More Brothers are in a position to deraign their interest by mortgage lien in a regular, legal, and still existing channel by deed or mortgage from the former common owner of the land, M. A. Ueland.    It follows that they now have the right of redemption sought by them and conferred upon them by statute; and, as equity follows the law, the decision of this court must be that the judgment of the district court be

reversed, and that the defendants More Brothers prevail, and that defendant N. J. Cruden, sheriff of La Moure county, or his successor in office, as between the parties to this action, execute and deliver sheriff's deed to the property in question to More Brothers, copartners, consisting of A. Y. More and J. L. More, under the certificate of redemption issued by said sheriff May 22, 1909, and prior to the commencement of this action, August 26 following, and that defendants, appellants, recover of plaintiff taxable costs and disbursements of this action.

Judgment is ordered entered accordingly.

BURKE, J., not participating.

## On Petition for Rehearing.

Goss, J.   Respondent petitions for a rehearing, claiming the evidence to be sufficient to show that the delivery to the grantees, Miller & Hasz, by the grantor, M. A. Ueland, was under the agreement that said grantees should immediately deposit the deed in escrow in the bank at Kulm, it to remain there until the grantor should be satisfied with the machinery.   We have re-examined carefully all the testimony.   The trial court failed to find any delivery in escrow whatever.   But, conceding respondent's contention as sufficiently supported by the evidence, it conclusively appears therefrom that, after the expiration of the six days mentioned in the contract of purchase of the machinery as the period allowed for testing the same, that, if the grantees delivered the deed to the bank in escrow at all, they, after said period, procured its delivery by the bank to them, fulfilling any escrow agreement, after which they recorded the deed under the supposition that Ueland was satisfied with the deal.   Ueland had kept the machine then a month.   In this connection Ueland testified that he did not even take the trouble to ascertain whether the deed had ever been delivered to the bank during the period from August 20, the date of sale, to the return of the machinery, October 28, and pending which time on September 22, a month after sale, delivery and recording of the deed was had, conceding that the same was deposited in the bank.

Under the evidence, we deem it immaterial whether the delivery was made without any escrow agreement whatever, or whether, as found in

22 N. D.—19.

the main opinion which we deem supported by the evidence, an attempt-
ed delivery in escrow was had by the grantor to the grantees, or whether
the contention urged on rehearing, to wit, a delivery in which the gran-
tees were to act as agents merely in the transmission of the deed to the
bank.   We deem it immaterial whichever of the three positions be
chosen by respondent, as the result must inevitably be the same—that
of a final delivery to the grantee with voidable title thereby vesting in
them, but sufficient to sustain a voidable mortgage now outstanding and
unassailed, and under which the redemption sought by appellants can be
made.   And what we have said in this opinion assumes the right of L.
A. Ueland, certificate holder on foreclosure, to question the record title
of the appellants under which they seek to redeem, as to which we do not
think it necessary to determine in this action.

   After resolving all doubt in respondent's favor in the above matters,
he has shown no defense against the right of appellants to redeem.

   The petition for rehearing is therefore denied.